**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 06-cr-00278-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. HERMAN A. REGUSTERS, JR.

      Defendant.

## ORDER GRANTING UNOPPOSED MOTION FOR DECLARATION OF COMPLEXITY

**Blackburn, J.**

The matter before me is defendant Regusters' **Motion to Declare Case Complex and to Extend Normal Trial Time Limits** [#16], filed August 30, 2006. The motion is unopposed and is granted.

Defendant's motion implicates the Speedy Trial Act of 1974 codified at **18 U.S.C. §§ 3161-74**. Specifically, the motion implicates **18 U.S.C. § 3161(h)** which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence: (8)(A) Any period of delay resulting from a continuance granted by any judge ... at the request of the defendant, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

**18 U.S.C. § 3161(h) and (h)(8)(A).**

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." **United States v. Hill,** 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. See **18 U.S.C. § 3161(c)(1)**; **United States v. Lugo**, 170 F.3d 996, 10001 (10th Cir.1999). Certain periods of delay are excluded and do not count toward the 70-day limit. **See 18 U.S.C. § 3161(h)(1)-(9)**. Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" **Hill**, 197 F.3d at 440-441 (10th Cir. 1999) (quoting **18 U.S.C. § 3161(h)(8)(A)**).

In order for a continuance to qualify as an excludable "ends-of- justice" continuance under section **3161(h)(8)(A)**, certain prerequisites must be satisfied. *Id*. at 441. First, I must consider the following factors listed in section **3161(h)(8)(B)**:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

   (iv)  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

**18 U.S.C. § 3161(h)(8)(B)(i) - (iv)**. After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*., **§ 3161(h)(8)(A)**. Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id*. (quoting *Doran*, 882 F.2d at 1516).

  The averments of fact alleged by defendant in his motion have not been contested by the government.  Thus, those foundational and predicate facts are deemed established for the purpose of the defendant's motion.  The discovery in this case consists of more than 8,000 pages of detailed documents.  On this basis, the defendant seeks an extension of the relevant deadlines for at least 60 days.

  I have considered the factors which I must under **18 U.S.C. § 3161(h)(8)(B)(i)-(iv)**. As required by **18 U.S.C. § 3161(h)(8)(C),** I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel. Accordingly, I conclude as follows:

1. That failure to grant a continuance of trial beyond the time initially prescribed by **18 U.S.C. § 3161(c)** would likely result in a miscarriage of justice within the meaning of **18 U.S.C. § 3161(h)(8)(B)(i)**;

2. That this case is rendered complex by the volume and complexity of the discovery that must be reviewed by the defendant and his counsel prior to trial. These circumstance make it unreasonable to expect adequate preparation for pretrial and trial proceedings within the apposite time limits of the act within the meaning of **18 U.S.C. § 3161(h)(8)(B)(ii)**;

3. That even considering due diligence, failure to grant the motion would deny counsel for the government and the defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of **18 U.S.C. § 3161(h)(8)(B)(iv)**; and

4. That therefore, the ends of justice that will be served by granting the motion outweigh the best interests of the public and the defendant in a speedy trial within the meaning of **18 U.S.C. § 3161(h)(8)(A)**.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant Regusters' **Motion to Declare Case Complex and to Extend Normal Trial Time Limits** [#16], filed August 30, 2006, **IS GRANTED**;

2. That the **Trial Preparation Conference** set for **October 19, 2006**, **IS VACATED**;

3. That the five-day jury trial currently set to commence on **October 23, 2006**, **IS VACATED**;

4. That the **Trial Preparation Conference** and jury trial date **SHALL BE RESET**

-4-

during the motions' hearing setting conference;

    4.   That all pretrial motions shall be filed by no later than close of business **November 6, 2006**;

    5. That a response to a timely filed pretrial motion shall be filed within eleven (11) days of the filing of the pretrial motion;[1] and

    6. That all timely filed pretrial motions that the court determines should be set for hearing shall be set for hearing at a motions' hearing setting conference on **November 22, 2006**, at which time the defendant **will not be present**, having waived via counsel his right to appear at this hearing only; provided, furthermore, that because the defendant has waived his right to be present, then counsel may appear in person in chambers or by telephone.

    Dated September 5, 2006, at Denver, Colorado.

                                **BY THE COURT:**

                                **s/ Robert E. Blackburn**
                                **Robert E. Blackburn**
                                **United States District Judge**

---

[1] Amended papers, including amended motions, petitions, responses, or replies shall not be filed without leave of court. Supplements to papers, including motions, petitions, responses, or replies, shall not be filed without leave of court. Replies to responses shall not be filed without leave of court. Leave of court must be obtained before such papers may be filed. A request for leave to file such a paper shall not be contained or included in the paper sought to be filed.